FILED
09/27/2024
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Maria Albarran
DV-15-2024-0001413-SU
Ulbricht, Heidi J
1.00

Peter Joel Radakovich
Montana Bar No. 68090343
Grotefeld Hoffmann LLP
Shepherd Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, Texas 78730
737-226-5600

Patrick P. Jarosch
Montana Bar No. 66390208
Grotefeld Hoffmann LLP
150 South Fifth Street, Suite 3650
Minneapolis, Minnesota 55402
612-564-4895

Attorneys for Plaintiffs FLBC Pubhouse LLC and The Cincinnati Insurance Company

John M. Fitzpatrick, Esq.
TOWE & FITZPATRICK, PLLC
619 S.W. Higgins, Suite O
P.O. Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Fax No.: (406) 493-0538
jfitz@towefitzlaw.com

Attorneys for Plaintiffs ES Bigfork, L.L.C., Mutual of Enumclaw Insurance Company, as subrogee of ES of Bigfork, L.L.C.

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| ES OF BIGFORK, L.L.C, MUTUAL OF ENUMCLAW INSURANCE COMPANY, as subrogee of ES of Bigfork, L.L.C., FLBC PUBHOUSE LLC, and THE CINCINNATI INSURANCE COMPANY, as subrogee of FLBC Pubhouse LLC,<br><br>Plaintiffs,<br><br>-vs-<br><br>WESTERN STATES FIRE PROTECTION<br><br>Defendant. | Judge _____<br>Dept. No. _____<br>Cause No. _____<br><br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, ES Bigfork, L.L.C., Mutual of Enumclaw Insurance Company, as subrogee of ES of Bigfork, L.L.C., FLBC Pubhouse, LLC, and The Cincinnati Insurance Company, as subrogee of FLBC Pubhouse LLC, by and through its undersigned attorneys, state by way of Complaint against Defendant, Western States Fire Protection, as follows:

## PARTIES

1. Plaintiff, ES of Bigfork, L.L.C. (hereinafter "ES" and "Bigfork") at all times was a Montana limited liability company organized and existing under the laws of Montana with its principal place of business located at 191 McDowell Drive, Bigfork, MT 59911.

2. Plaintiff, Mutual of Enumclaw Insurance Company (hereinafter "MOE"), is a mutual insurance corporation organized and existing under the laws of the State of Oregon with its principal place of business located at 1460 Wells Street, Enumclaw, Washington 98022.

3. At all times relevant hereto, MOE was licensed and authorized to issue and administer insurance policies in the State of Montana.

4. Plaintiff FLBC Pubhouse LLC (hereinafter, "FLBC") at all times was a Montana limited liability company organized and existing under the laws of Montana with its principal place of business located at 116 Holt Drive, Suite A, Bigfork, MT 59911.

5. Plaintiff The Cincinnati Insurance Company (hereinafter "Cincinnati") was and is an insurance company duly authorized to transact business in the State of Montana with its principal place of business located in Fairfield, Ohio.

6. At all times relevant hereto, Defendant, Western States Fire Protection (hereinafter "WSFP"), was a limited liability company organized and existing under the laws of the State of Montana with its principal place of business located at 7020 S. Tuscan Way, Centennial, Colorado 80112.

7. At all times relevant hereto, Defendant WSFP was registered to do business and did business in the State of Montana and was engaged in the business of providing, installing, testing, servicing, repairing, maintaining, inspecting and certifying fire protection, sprinkler and alarm systems.

## FACTUAL ALLEGATIONS

8. At all times relevant hereto, Bigfork owned a commercial property located at 116 Holt Drive, Bigfork, Montana 59911 (hereinafter the "Property").

9. MOE insured the Property and the interests of Bigfork pursuant to a policy of insurance, Policy Number CPP0025952, which was in effect at all times relevant to this matter (hereinafter the "Policy").

10. At all times relevant hereto, FLBC Pubhouse LLC (hereinafter "FLBC") leased Suite A at the Property from Bigfork and operated a restaurant in said unit.

11. Cincinnati insured FLBC's business, including business personal property and loss of business income, pursuant to a policy of insurance, Policy Number ECP0338530, which was in effect at all times relevant to this matter.

12. At all times relevant hereto, Defendant WSFP was responsible for the testing, servicing, repairing, maintaining, inspecting and certifying the fire protection, sprinkler, and alarm systems at the Property.

13. On December 1, 2022, water within the sprinkler system at the Property froze causing pipes, fittings and sprinkler heads associated with the sprinkler system to burst and resulting in significant water damage to the Property (hereinafter "the Water Loss").

14. On Wednesday, November 30, 2022 at approximately 8:13 a.m., prior to the Water Loss, Defendant WSFP was notified that a sprinkler head in the kitchen of FLBC failed.

15. On Wednesday, November 30, 2022, at approximately 8:13 a.m., prior to the Water Loss, Plaintiff's Insured requested that WSFP send a representative to inspect the sprinkler and fire protection systems at the Property as the sprinkler head in the kitchen failed and to investigate the cause of the failure.

16. Despite said request, WSFP did not send a representative to investigate or inspect the sprinkler and fire protection systems at the Property.

17. Rather, WSFP stated that the issue was "not an emergency" and they would inspect the following Thursday.

18. Bigfork and FLBC relied upon the representations made by WSFP, the fire protection and sprinkler system professional, that the failure of the sprinkler head was "not an emergency."

19. However, less than 24 hours later at approximately 1:40 a.m. on December 1, 2022, the Water Loss occurred at the Property.

20. The Water Loss was caused by the negligent, careless, reckless acts and/or omissions of WSFP.

21. As a direct and proximate result of the Water Loss, Bigfork and FLBC sustained significant damage to the Property and certain other losses.

22. As a result of the Water Loss and pursuant to the terms and conditions of the Policy, Plaintiff MOE made payments to, or on behalf of, its insured in the amount of $371,626.40.

23. As a result of the payments made to or on behalf of its insured for the Water Loss described above, and pursuant to the terms and conditions of the Policy, Plaintiff MOE is legally, equitably and contractually subrogated to the rights of its insured to the extent of said payments.

24. Bigfork suffered a deductible loss of $1,000.00.

25. As a direct and proximate result of the Water Loss, Cincinnati's insured suffered damage to its business, business personal property, and/or loss of business income.

26. Plaintiff Cincinnati has since paid, to or on behalf of FLBC, $273,443.50 for damages resulting from the Water Loss.

27. In consideration of these payments by Cincinnati to FLBC, and by the operation of the law, Cincinnati became and actual, bona fide subrogee of FLBC, and became subrogated to the rights and claims against any person or entity that may be liable for causing the Water Loss.

28. FLBC suffered a deductible loss of $1,000.00.

**COUNT I**
**PLAINTIFFS v.**
**WESTERN STATES FIRE PROTECTION**
**Negligence**

29. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 28 as if fully set forth herein at length.

30. At all times relevant hereto, Defendant WSFP acted through its duly authorized agents, servants, employees, workmen, contractors and/or representatives and is therefore vicariously liable for their actions and inactions.

31. Defendant WSFP was the contractor responsible for the testing, servicing, repairing, maintaining, inspecting and certifying the fire protection, sprinkler and alarm systems at the Property.

32. Defendant WSFP owed a duty to Plaintiffs' Insureds to exercise reasonable care in the testing, servicing, repairing, maintaining, inspecting and certifying the fire protection, sprinkler and alarm systems at the Property.

33. Defendant WSFP owed a duty to Plaintiffs' Insureds to reasonably inspect the fire protection and sprinkler systems at the Property and to ensure said systems were fully operational and a dangerous and hazardous condition did not exist.

34. Defendant WSFP breached its duty of care to Plaintiffs' Insureds by failing to properly test, service, repair, maintain, inspect and certify the fire protection, sprinkler and alarm systems at the Property.

35. Defendant WSFP breached the duties it owed to Plaintiffs' Insureds by failing to exercise reasonable care and by failing to inspect, maintain, repair and service the fire protection and sprinkler systems at the Property in a reasonable and safe manner and by failing to comply with applicable statutes, codes, and regulations and industry customs and standards.

36. Defendant WSFP breached its duty of care to Plaintiffs; Insureds by permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which Defendant knew or in the exercise of reasonable care, should have known.

37. Defendant WSFP breached its duty of care to Plaintiffs' Insureds by failing to inspect and/or otherwise investigate the cause of the sprinkler failure after being notified on November 30, 2022, and by failing to reasonably anticipate that the failure to inspect or investigate could result in a water loss at the Property.

38. Defendant WSFP breached its duty of care to Plaintiffs' Insureds by failing to ensure that water within the sprinkler and/or fire protection systems at the Property would not freeze resulting in a catastrophic water loss.

39. Defendant WSFP breached its duty of care to Plaintiffs' Insureds by failing to inspect the sprinkler and fire protection systems at the Property and take other reasonable

measures to identify and rectify a dangerous condition that existed at the Property when WSFP was contacted on November 30, 2022, less than 24 hours prior to the Water Loss.

40. The aforesaid negligent acts and omissions of Defendant WSFP were the direct and proximate cause of the Water Loss and resulting damages sustained by Plaintiffs' Insureds.

41. As a direct and proximate result of the negligent acts and omissions of Defendant WSFP, Plaintiffs' Insureds suffered significant water damage to the Property and other losses for which MOE made payments to or on behalf of its insured in the amount of $371,626.40 and Cincinnati made payments to or on behalf of its insured in the amount of $273,443.50.

42. Moreover, Bigfork incurred a deductible of $1,000.00 and FLBC incurred a deductible of $1,000.00.

43. As a result of the payments made to or on behalf of their insureds, and pursuant to the terms and conditions of the insurance policies issued by Plaintiffs, MOE and Cincinnati are legally, equitably and contractually subrogated to the rights of their insureds to the extent of said payments.

**WHEREFORE**, Plaintiffs, ES Bigfork, L.L.C., Mutual of Enumclaw Insurance Company, as subrogee of ES of Bigfork, L.L.C., FLBC Pubhouse, LLC, and The Cincinnati Insurance Company, as subrogee of FLBC Pubhouse LLC, demands judgment in its favor and against Defendant, Western States Fire Protection Company, in the amount of $645,069.90, together with interest, attorneys' fees, costs of suit and such other and further relief as the Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable in this case.

Dated: September 27, 2024.

/s/ Peter Joel Radakovich
Peter Joel Radakovich
Montana Bar No. 68090343
Grotefeld Hoffmann
6034 West Courtyard Dr., Ste. 200
Austin, Texas 78730
Phone: (737) 226-5320
E-mail:  jradakovich@ghlaw-llp.com

/s/ Patrick P. Jarosch
Patrick P. Jarosch
Montana Bar No. 66390208
Grotefeld Hoffmann LLP
150 South Fifth Street, Suite 3650
Minneapolis, Minnesota 55402
Phone: (612)-564-4895
Email: pjarosch@ghlaw-llp.com

***Attorneys for Plaintiffs***
***FLBC Pubhouse LLC and The Cincinnati Insurance Company***


/s/ John M. Fitzpatrick
John M. Fitzpatrick, Esq.
TOWE & FITZPATRICK, PLLC
619 S.W. Higgins, Suite O
P.O. Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Fax No.: (406) 493-0538
Email: jfitz@towefitzlaw.com

***Attorneys for Plaintiffs ES Bigfork, L.L.C., Mutual of Enumclaw Insurance Company, as subrogee of ES of Bigfork, L.L.C.***

## CERTIFICATE OF SERVICE

I, Peter Joel Radakovich, hereby certify that I have served true and accurate copies of the foregoing Complaint - Complaint to the following on 09-27-2024:

John M. Fitzpatrick (Attorney)
619 SW Higgins, Ste O
Missoula MT 59803
Service Method: eService
E-mail Address: jfitz@towefitzlaw.com

Peter Joel Radakovich (Attorney)
6034 W. Courtyard Drive
Suite 200
Austin TX 78730
Service Method: eService
E-mail Address: jradakovich@ghlaw-llp.com

Patrick Paul Jarosch (Attorney)
Grotefeld Hoffmann
150 S. 5th Street
Suite 3650
Minneapolis MN 55402
Service Method: eService
E-mail Address: pjarosch@ghlaw-llp.com

Electronically Signed By: Peter Joel Radakovich
Dated: 09-27-2024